UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAY JASMINE SADDLER,
    Plaintiff,

v.                                              Case No. 19-C-560

CHERYL JEANPIERRE, *et al.*,
    Defendants.

## ORDER

Plaintiff Jay Jasmine Saddler, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. § 1983. I screened the plaintiff's complaint and allowed him to proceed on claims under the Eighth Amendment. Defendants Cheryl Jeanpierre, Ann York, Mark Jensen, and Brian Foster (collectively "State Defendants") move for summary judgment on exhaustion grounds. Docket No. 13. Defendant Hayley Bassuener separately moves for summary judgment. Docket No. 32. The plaintiff responded to the State Defendants' motion, Docket No. 19, but failed to respond to Bassuener's. The motions are now fully briefed and ready for my decision. I will grant the defendants' motions.

### I. BACKGROUND[1]

The plaintiff is an inmate of the Wisconsin Department of Corrections ("WDOC") and currently is confined at Waupun Correctional Institution ("WCI"). Docket No. 15, ¶ 1.

---

[1] Facts in this section are taken from the State Defendants' proposed findings of fact and declaration in support of their motion for summary judgment, Docket Nos. 15–16, and Bassuener's proposed findings of fact and declaration in support. Docket No. 34–35. Because the plaintiff failed to respond appropriately to the defendants' proposed findings of fact, *see* Civil L. R. 56(b)(2)(B), those facts are deemed admitted for purposes of this decision, *see* Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We

His complaint alleges that various prison officials were deliberately indifferent to his left-hand injury and failed to treat him properly and timely. *Id.*; Docket No. 9 at 4–5.

**A.    Inmate Complaint System**

Wisconsin has established an "Inmate Complaint Review System ("ICRS") to allow inmates to file complaints about the rules, living conditions, and staff actions at their institutions. Docket No. 16, ¶ 3. Under the ICRS, an inmate has fourteen days after an incident to file a complaint. *Id.*, ¶ 4 (citing Wis. Admin. Code § DOC 310.07(2)). An Inmate Complaint Examiner ("ICE") reviews and investigates an inmate complaint and either rejects the complaint or recommends action to a Reviewing Authority, who then dismisses or affirms the complaint. *Id.*, ¶ 5 (citing Wis. Admin. Code §§ DOC 310.10(2) and 310.11(2)).

Under Wis. Admin. Code § DOC 310.05, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. Docket No. 16, ¶ 6. To fully exhaust, an inmate must file a complaint, timely appeal an adverse decision to the Corrections Complaint Examiner ("CCE"), and receive a decision from the Office of the Secretary ("OOS"). *Id.* ¶ 7 (citing Wis. Admin. Code §§ DOC 310.09, 310.12, and 310.13). In the event there is something wrong with an inmate's submitted appeal, the CCE or OOS will return the letter to the inmate and inform him what he must do before a CCE will accept the submission. *Id.*, ¶ 8. The CCE is located at the WDOC Central Office in Madison, Wisconsin. *Id.*, ¶ 2; Docket No. 14 at 7 n.2.

---

have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

### B. State Defendants' Motion

The plaintiff filed only one inmate complaint related to his hand injury and the treatment he received. Docket No. 15, ¶ 2. An ICE received the complaint on March 4, 2019, and the reviewing authority dismissed the complaint on March 14, 2019. *Id.*, ¶ 3. The plaintiff never appealed the dismissal of his inmate complaint, though he did file two unrelated complaints during March 2019. *Id.*, ¶¶ 4–5. Nor is there any record that any appeal was returned to the plaintiff with a letter instructing him to correct a problem with his submission. Docket No. 16, ¶ 16.

### C. Bassuener's Motion

Defendant Bassuener is a licensed practical nurse ("LPN") employed with Cell Staff, LLC, and she was assigned to WCI in 2018. Docket No. 34, ¶¶ 2, 5. As an LPN, Bassuener does not perform assessments but receives orders for patient care from registered nurses and physicians. *Id.*, ¶ 6.

On August 24, 2018, advanced practice nurse practitioner (APNP) Nathan Tapio assessed the plaintiff for complaints of right thumb pain. Docket No. 34, ¶ 7. APNP Tapio ordered x-rays and a splint for the plaintiff's thumb. *Id.*, ¶ 8.[2] On August 28, 2018, Bassuener received the order from APNP Tapio and measured the plaintiff for the splint. *Id.*, ¶ 9; Docket No. 35-2 at 2. APNP Tapio again saw the plaintiff later that day, noted that the x-ray showed no fracture, and prescribed the splint and pain medication. Docket No. 34, ¶ 8; Docket No. 35-1 at 2–3. Bassuener did not see the plaintiff for treatment on

---

[2] These two paragraphs in Bassuener's proposed findings of fact refer to an exhibit attached to Bassuener's declaration, but that exhibit does not mention any of the treatment Tapio administered on August 24, 2018. But these facts are immaterial to the plaintiff's claims against Bassuener. And because the plaintiff did not respond to them, I still may deem them admitted for purposes of this decision.

August 29, 2018, the date that the plaintiff alleges in his complaint that he saw Bassuener for reassessment. Docket No. 34, ¶¶ 3, 11; *see* Complaint, Docket No. 1 at 2.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A.   Failure to Exhaust (State Defendants)

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also*

4

*Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the State Defendants bear the burden of proving that the plaintiff failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The State Defendants assert that, because the plaintiff never appealed the dismissal of his complaint, he failed to exhaust his administrative remedies. The plaintiff addresses this argument in several places and in several hard-to-follow ways. First, in his complaint, the plaintiff alleges that WCI officials "suppos[ed]ly" sent his appeal within the fourteen-day deadline, but he never heard back about it. Docket No. 1 at 4. The plaintiff alleged that "it's [safe] to assume, there is no[] other choice but to pursue legal matters." *Id.* In his response to the State Defendants' motion for summary judgment, the plaintiff asserts that he was in segregation and had no funds to pay for a stamp to mail his appeal in March 2019. Docket No. 19 at 1–2. Yet he states that he "put forth on his appeal form and placed in Institutional mail Sunday [March] 24th 2019." *Id.* at 2. He alleges that he did not receive "his blank I.C.E env[e]lope back." *Id.* Finally, in a declaration submitted with his "Reply" to the State Defendants' reply, he alleges that he "filed an appeal in late March 2019[,] placing appeal of I.C.E inside a Waupun I.C.R.S env[e]lope and asking Waupun Business Office for a stamp to forward contents to C.C.E of Madison. Clearly this was not done[,] and contents were not returned back to plaintiff." Docket No. 30 at 2.

As noted above, because the plaintiff did not properly respond to the State Defendants' findings of fact, it is undisputed that the plaintiff failed to submit an appeal. For that reason alone, I may grant the State Defendants' motion. But even assuming the plaintiff did mail an appeal, but never received a response, he still has failed to exhaust

5

his administrative remedies. WDOC policy states that the OOS has ninety days from the date the appeal is received to make a decision on an appeal. Wis. Admin. Code § 310.13(4). Only if the inmate does not receive a response to his appeal within that time may he "consider the administrative remedies to be exhausted." *Id.* An inmate who either fails to appeal or fails to allow this ninety-day period to pass before filing a complaint has not exhausted his administrative remedies. *See Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (concluding that inmate who failed to appeal dismissal of grievance failed to exhaust his administrative remedies for that claim); *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004) (holding that inmate who mailed complaint to court while grievance appeal was pending did not exhaust remedies under § 1997e(a) before bringing suit).

In his complaint, the plaintiff alleges that he sent an appeal within the fourteen-day deadline but never heard back. Docket No. 1 at 4. The plaintiff alleged that "it's [safe] to assume, there is no[] other choice but to pursue legal matters." *Id.* In his response to the State Defendants' motion for summary judgment, he states he sent the appeal on March 24, 2019. Assuming that statement is true, the plaintiff was required by WDOC policy to wait at least ninety days—until June 22, 2019, at the earliest—for a response before he could assume his administrative remedies were exhausted and that there was "no other choice" but to file his lawsuit. But the plaintiff signed his § 1983 complaint on April 14, 2019—at least two months too early for his administrative remedies to be deemed exhausted by the non-response from the CCE or OOS. He therefore brought this lawsuit before fully exhausting his administrative remedies.

The plaintiff alleges that he never received back "his blank I.C.E. env[e]lope" or anything else related to his appeal. But the CCE or OOS returns appeal materials only if

6

there is a problem with the submission. The plaintiff was informed as such on the appeal form that he alleges he used to submit his appeal. Docket No. 18-1 at 19 (Exhibit #9) ("The form may be returned to you if you submit an incomplete form or if you do not follow the instructions."). That the appeal was not returned to the plaintiff, to the extent that he submitted one, suggests that it was complete or not missing any information, not that it never arrived at its destination.

The plaintiff's allegation that he did not receive a pre-stamped envelope does not change this conclusion. First, he contradicts himself in his complaint, in which he asserts that WCI mailed his appeal, which presupposes that the envelope had a postage stamp. Second, the defendants provided a sworn affidavit of Yana Pusich, a Corrections Program Supervisor at WCI, who swears that the plaintiff had an open legal loan in March 2019. Docket No. 25, ¶¶ 2–6. Pusich asserts that the plaintiff could have used that legal loan to mail his inmate appeal even if he had no funds in his inmate trust account. *Id.*, ¶ 6.[3]

The plaintiff attempts to contradict Pusich's affidavit by citing to a trust account statement from January 31, 2019, through March 21, 2019. Docket No. 30, ¶ 6; Docket No. 27-1 at 5. This document shows that thirty cents was deducted from the plaintiff's account to "Repay the Legal Loan (Copies)." Docket No. 27-1 at 5. The plaintiff swears that the thirty-cent deduction used up the entirety of the legal loan he had during March 2019. Docket No. 30, ¶ 6. But the account statement does not show how much remained on the plaintiff's legal loan, it shows only what remained in his prison trust account and

---

[3] The State Defendants also contend that the plaintiff's other complaints filed in March 2019 show he was not prevented from submitting his appeal of the March 14, 2019, dismissal. Docket No. 14, at 7. But that the plaintiff was able to file a complaint within WCI, which would not have involved mailing a stamped envelope, does not mean he was also able to mail an appeal to the CCE in Madison.

7

only through March 21, 2019, three days before he alleges (elsewhere) that he filed his appeal.

At bottom, the undisputed facts show that the plaintiff, whether he properly submitted an appeal or not, brought this lawsuit only weeks after his inmate complaint was dismissed. In the weeks between the dismissal of his complaint and the filing of this lawsuit, he did not receive a response from the CCE or OOS about his appeal and was not otherwise informed that his appeal, if he sent one, was incomplete or missing information. That means he had to wait the full ninety days before he was entitled to "assume" that his appeal was denied and his administrative remedies exhausted. *See* Wis. Admin. Code DOC § 310.13(4). As noted, the parties dispute whether the plaintiff appealed the dismissal of his complaint. But that dispute is immaterial because the plaintiff did not wait the full ninety days before filing his lawsuit and, instead, filed his lawsuit two months too early. Therefore, a hearing as described in *Pavey*, 544 F.3d at 742, is unnecessary to resolve this issue.

The plaintiff failed to comply with Wisconsin's grievance procedures by failing to wait the necessary time before filing this § 1983 lawsuit, and he therefore failed to exhaust his administrative remedies. The State Defendants are entitled to summary judgment on this issue.

B.    **Failure to State a Claim (Bassuener)**

Bassuener asserts that she did not see the plaintiff for treatment of his left hand on August 29, 2018, as he alleged in his complaint. She saw the plaintiff on August 28, 2019, when she measured his right hand and wrist for a splint, which a different medical professional later administered. Because Bassuener did not treat the plaintiff for the injury

8

to which he asserts she was deliberately indifferent, she contends, he fails to state an Eighth Amendment claim against her.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard contains both an objective element—that the medical needs be sufficiently serious—and a subjective element—that the officials act with a sufficiently culpable state of mind. *Id*. To survive summary judgment, the plaintiff must provide evidence that would allow a jury to reasonably conclude that he has proven each element of the standard.

The plaintiff has not responded to Bassuener's motion for summary judgment or her proposed findings of fact. Those facts are deemed admitted, *see* Civil L. R. 56(b)(4); *Whitfield v. Snyder*, 263 F. App'x 518, 521 (7th Cir. 2008), and the plaintiff has failed to provide any evidence that would allow a jury to conclude that Bassuener was deliberately indifferent to the plaintiff's left-hand injury, which she was never asked to treat. Moreover, the plaintiff's failure to respond to Bassuener's motion is sufficient cause for me to grant the motion. Civil L. R. 7(d). I will therefore grant Bassuener's motion for summary judgment.

## **ORDER**

**THEREFORE, IT IS ORDERED** that the State Defendants' motion for summary judgment on exhaustion grounds (Docket No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Bassuener's motion for summary judgment (Docket No. 32) is **GRANTED**.

9

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The claims against the State Defendants are dismissed without prejudice. The claims against Bassuener are dismissed with prejudice. The clerk's office shall enter judgment accordingly.

Because I am dismissing this case, the plaintiff's pending motions for counsel (Docket Nos. 17 & 37) are **DENIED** as moot.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 28th day of January, 2020.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge