# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAY JASMINE SADDLER,**
    **Plaintiff,**

   v.                                                        Case No. 19-cv-560

**HAYLEY R. BASSUENER,**
    **Defendant.**

## ORDER

On January 28, 2020, I granted summary judgment in favor of all defendants and dismissed this case. ECF No. 40. I later reopened the case as to defendant Hayley R. Bassuener because *pro se* plaintiff Jay Saddler asserted that he had not received Bassuener's motion for summary judgment. ECF No. 45. I ordered Bassuener to resend the plaintiff her summary judgment materials and permitted the plaintiff to respond by March 6, 2020. *Id.* at 2.

The plaintiff responded with a bevy of motions and filings. He moved to alter or amend the judgment. ECF No. 47. He then responded to Bassuener's motion, although his response was docketed as a motion for summary judgment. ECF No. 50. The plaintiff also appealed my judgment granting summary judgment to the defendants. ECF No. 56. That appeal remains pending in the Court of Appeals for the Seventh Circuit as case 20-1302. After Bassuener replied to the plaintiff's response to Bassuener's motion (ECF No. 62), the plaintiff moved to dismiss the reply. ECF No. 67. He also moved for "correction" of purported mistakes. ECF No. 73.

I ordered Bassuener to respond to the plaintiff's purported motion for summary judgment and his motion to dismiss her reply and ordered the plaintiff to file a reply to

Bassuener's responses. ECF No. 70. Those deadlines have elapsed, and all pending motions are ready for this resolution. I will **DENY** the plaintiff's motion to alter or amend the judgment, **GRANT** defendant Bassuener's motion for summary judgment, and **DISMISS** this case.

## I. MOTION TO ALTER OR AMEND

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law of fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)), and *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In the previous order I concluded that plaintiff failed to exhaust his administrative remedies against the State defendants because he did not wait the required ninety days after submitting his appeal to the Office of the Secretary before filing this lawsuit. ECF No. 40 at 6–8. The plaintiff does not present newly discovered evidence or a manifest error in my decision warranting relief from judgment. The evidence he attaches to his motion involves administrative decisions on his inmate complaints in September 2019 and later. ECF No. 47-1. These documents are not "newly discovered" (they are simply new) and do not show that the plaintiff exhausted his administrative remedies prior to

filing this lawsuit in April 2019. If anything, they further establish the plaintiff's failure fully to exhaust his administrative before filing his federal lawsuit. I will therefore **DENY** his motion as it pertains to the State defendants.

The plaintiff also seeks to reopen the judgment against him on Bassuener's claim because, as noted, he did not receive Bassuener's summary judgment filings. Because I addressed this request and reopened the litigation against Bassuener, I will **DENY** the plaintiff's motion as moot as it pertains to Bassuener.

## II. PRELIMINARY MATTERS

On February 17, 2020, the plaintiff submitted a letter in which he appears to assert that unnamed corrections officers are retaliating against him and tampering with his legal work. ECF No. 54. To the extent the plaintiff seeks to raise new claims alleging retaliation, he must file those claims in a new complaint and pay a new filing fee. I will not address those allegations here.

The plaintiff also submitted a proposed order "to show cause for an [sic] preliminary injunction & a temporary restraining order." ECF No. 55. The proposed order seeks to enjoin the State defendants from "making contact with plaintiff and having access to plaintiff medical record." *Id.* The plaintiff has not moved for injunctive relief but only submitted this proposed order granting one. Because I dismissed the State defendants from this lawsuit, and the plaintiff has not properly moved for injunctive relief, I will **DENY** the plaintiff's proposed order for injunctive relief.

The plaintiff also asks me to disregard Bassuener's reply brief because Bassuener filed it three days late. ECF No. 67. Bassuener did not respond to the plaintiff's motion. Because Bassuener's reply was late, and because Bassuener failed to respond to the

plaintiff's motion and explain her tardiness, I will **GRANT** the motion. I will not consider Bassuener's reply brief (ECF No. 62) for purposes of this decision.

Last, the plaintiff moves for "correction" of the docketing of his response to Bassuener's motion for summary judgment, which the clerk's office docketed as a motion for summary judgment. ECF No. 73. The plaintiff states he intended his filing only as a response to Bassuener's motion and not as his own motion for summary judgment. *Id.* He also insists that the defendant's response to his improperly docketed motion (ECF No. 71) is moot. *Id.*, ¶ 10. I note that the plaintiff labeled his response to Bassuener's motion "Notice of Motion and Motion in (Response) for Summary Judgment on Behalf of Plaintiff Jay Jasmine Saddler." ECF No. 50. The clerk's office reasonably interpreted this filing as a motion for summary judgment. Nonetheless, I will **GRANT** this motion in part. The clerk's office is **DIRECTED** to **MODIFY** the docket to reflect that ECF No. 50 is the plaintiff's response to Bassuener's motion for summary judgment and is not a motion for summary judgment. Because I instructed Bassuener to respond to the plaintiff's motion for summary judgment before he clarified that his filing was a response to her motion, the response is not moot. I will consider that document for purposes of this decision.

### III. BASSUENER'S MOTION FOR SUMMARY JUDGMENT

#### A. Background[1]

I permitted the plaintiff to proceed on an Eighth Amendment claim that Bassuener was deliberately indifferent to his hand injury during a reassessment of his hand injury on

---

[1] Facts in this section are taken from Bassuener's proposed findings of fact and declaration in support, ECF No. 34–35, and from the plaintiff's response to Bassuener's facts and declaration in support, ECF Nos. 52–53. The plaintiff did not submit his own statement of proposed facts. I will consider the proposed facts only to the extent they are supported by evidence in the record. *See* Fed. R. Civ. P. 56(c)(1); Civil L. R. 56(b)(1)(C)(i)

August 29, 2018. ECF No. 9 at 4, 6–7. The plaintiff is an inmate at Waupun Correctional Institution. ECF No. 34, ¶ 1. Defendant Bassuener is a licensed practical nurse employed at Waupun with Cell Staff, LLC, since July 2016. *Id.*, ¶¶ 2, 5; ECF No. 35, ¶ 2.

As a licensed practical nurse, Bassuener does not perform assessments but receives orders for patient care from registered nurses and physicians. ECF No. 34, ¶ 6. All requests for assessments, evaluations, and appointments must be made to registered nurses or to the Health Services Manager. ECF No. 35, ¶ 9. The plaintiff asserts that licensed practical nurses can prescribe orders and schedule appointments. ECF No. 51. But the exhibit he cites in support shows only that a registered nurse (not a licensed practical nurse) conducted his transfer screening. ECF No. 53-1 at 15.

As I noted in the previous order, Bassuener states that on August 24, 2018, advanced practice nurse practitioner Nathan Tapio assessed the plaintiff for complaints of right thumb pain and ordered x-rays and a splint for the plaintiff's thumb. ECF No. 40 at 3 (citing ECF No. 34, ¶¶ 7–8.) But the exhibit Bassuener cites for this proposition does not include notes from the plaintiff's treatment on August 24, 2018. The progress notes Bassuener cites are from the plaintiff's August 28, 2018 follow-up visit. ECF No. 35-1. The plaintiff properly disputes that Bassuener's exhibit shows what she says it does. ECF No. 52, ¶ 7. But as previously noted, Tapio's treatment on August 24, 2018, is immaterial because the plaintiff is not proceeding against Tapio. ECF No. 40 at 3, n.2. The plaintiff does not dispute that Tapio ordered x-rays of his thumb and a splint during the August 24, 2018 appointment. ECF No. 52, ¶ 8.

---

and (2)(B)(i)–(ii). I will deem admitted any uncontroverted fact, *see* Civil L. R. 56(b)(4), and will consider arguments in the supporting memoranda only to the extent they properly refer to each party's statement of facts, *see* Civil L. R. 56(b)(6).

On August 28, 2018, Bassuener received the order from Tapio for x-rays and a splint for the plaintiff's right hand. ECF No. 34, ¶ 9. Bassuener measured the plaintiff for the splint and put in an order for one because the clinic did not have an appropriately sized splint available. ECF No. 35, ¶ 7; ECF No. 35-2 at 2–3. Bassuener states that she did not assess the plaintiff's left hand. ECF No. 35, ¶ 8. Tapio again saw the plaintiff later that day about the plaintiff's right thumb. ECF No. 34, ¶ 10. Tapio noted that the x-rays showed no fracture and prescribed the splint and pain medication. ECF No. 35-1 at 2–3. Bassuener did not see the plaintiff for treatment on August 29, 2018, the date the plaintiff alleges in his complaint that he saw Bassuener for reassessment of his hand. ECF No. 34, ¶¶ 3, 11; ECF No. 1 at 2. Bassuener had no further contact with the plaintiff after he filed this lawsuit in April 2019. ECF No. 35, ¶ 10. She did fulfill his written request for a refill of pain medication. ECF No. 53-1 at 7.

The plaintiff does not dispute Bassuener's proposed facts, including that he did not see her on August 29, 2018. He instead asserts that those facts are immaterial. ECF No. 52. He did not submit his own proposed statement of facts but submitted an affidavit and several exhibits, including medical records from 2016 detailing the injuries and treatment of his left hand. ECF No. 53-1 at 3–4, 8–9, 11, 14, 17. The plaintiff states that, while an inmate at Waupun, he has not received multiples surgeries that a doctor "stipulated to" in 2016. ECF No. 53, ¶ 8. He avers that on August 28, 2019, he spoke with Bassuener "about the extensive surgery and tendon replacement" on his left hand. *Id.*, ¶ 3. Elsewhere he states that he spoke with Bassuener "in his initial meeting with her that he was suffering and in pain" from his left hand. ECF No. 51 at 6. Bassuener purportedly did not help him at that time. *Id.*

The plaintiff submitted progress notes showing that he spoke with Tapio about his left hand and provided prior medical records to him on July 2, 2018. ECF No. 53-1 at 12. Those notes do not mention Bassuener or show she was involved in the plaintiff's meeting with Tapio or treatment of his left hand. On September 11, 2018, the plaintiff met with an orthopedic doctor about his right thumb. *Id.* at 6. That doctor advised the plaintiff not to continue wearing his splint and to perform daily range-of-motion exercises. *Id.* He again met with this doctor on October 30, 2018, about issues with his left hand. *Id.* at 10. The doctor prescribed pain medication and ordered physical therapy. *Id.* Again, Bassuener is not mentioned in these notes.

**B. Analysis**

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The court reviews the plaintiff's claim that Bassuener provided inadequate medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard contains both an objective element—that the medical needs be sufficiently serious—and a subjective element—that the officials act with a sufficiently culpable state of mind. *Id*. To survive summary judgment, the plaintiff must provide evidence that would allow a reasonable jury to conclude that he has proven each element of the standard.

The undisputed evidence shows that Bassuener did not see the plaintiff for treatment of either hand on August 29, 2018, as he alleged in his complaint. She saw the plaintiff only on August 28, 2019, when she measured his right hand and wrist for a splint, which Tapio later administered. The plaintiff met with a doctor about his right hand in September 2018, but there is no evidence that Bassuener was involved in the plaintiff's treatment. The plaintiff asserts that Bassuener's processing the order for x-rays and a splint for the plaintiff's thumb "would not serve remotely close to providing medical attention that's at hand." ECF No. 51 at 2. But he does not explain what other treatment should have been provided. It is undisputed that Bassuener's only role was to process Tapio's order for the splint and x-rays of his right hand. She processed that order, and the undisputed evidence shows the plaintiff received both the x-rays and the splint.

A reasonable jury could not conclude that Bassuener provided inadequate medical treatment to the plaintiff for his right hand on August 28 or 29, 2018.

The plaintiff asserts that during the August 28, 2018 appointment, he spoke with Bassuener "about the extensive surgery and tendon replacement" to his left hand. ECF No. 53, ¶ 3. But he does not explain what he told Bassuener about his hand, and there is no evidence that he needed treatment for his left hand at that time. He also states that he told her "in his initial meeting" about the pain in his left hand, but she refused to treat him. But the plaintiff cites no evidence, not even his affidavit, to support this statement. Nor does he say when his "initial meeting" took place. The plaintiff cannot use "argument alone . . . to avoid summary judgment." *Cooper v. Haw*, 803 F. App'x 942, 946 (7th Cir. 2020). The plaintiff instead must "come forward with *evidence*" showing how Bassuener was deliberately indifferent to his medical condition sufficient to "support a jury's verdict in [his] favor" against each officer. *See Beatty v. Olin Corp.*, 693 F.3d 750, 754 (7th Cir. 2012) (emphasis in original).

Even if Bassuener were aware of an issue with the plaintiff's left hand, the undisputed evidence shows that she was not responsible for providing the treatment the plaintiff sought. A registered nurse or physician would have provided treatment, including the surgeries he insists he needed. Perhaps Bassuener could have referred the plaintiff to another medical professional for treatment of his left hand, but the plaintiff does not allege that she should have and failed to do so. Moreover, the plaintiff saw an orthopedic doctor about his left hand in October 2018. There again is no evidence (and the plaintiff does not assert) that Bassuener was involved (or should have been) in that meeting or any subsequent treatment. Because there is no evidence that Bassuener was aware of

and disregarded the plaintiff's medical issues related to his left hand, a reasonable jury could not conclude that she was deliberately indifferent to his medical needs. Bassuener is entitled to judgment as a matter of law on the plaintiff's Eighth Amendment claim.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to alter or amend the judgment (ECF No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's proposed order for a preliminary injunction or temporary restraining order (ECF No. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to disregard Bassuener's reply brief (ECF No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to correct mistakes (ECF No. 73) is **GRANTED in part**. The clerk's office is **DIRECTED** to **MODIFY** the docket to reflect that ECF No. 50 is the plaintiff's response to Bassuener's motion for summary judgment and is not a motion for summary judgment.

**IT IS FURTHER ORDERED** that defendant Bassuener's motion for summary judgment (ECF No. 32) is **GRANTED**. The claim against Bassuener is **DISMISSED with prejudice**, and this case is **DISMISSED**. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and

shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 28th day of July, 2020.

        s/Lynn Adelman
        LYNN ADELMAN
        District Judge